**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

DANIELLE N. HOUSTON,

   Plaintiff,

v.

CITY OF FAIRFIELD, ET AL.,

   Defendants.

**ORDER SETTING FINAL PRETRIAL CONFERENCE AND TRIAL**

Case No.: 2:22-cv-01045-JAM-SCR

After review of the parties' Joint Status Statement (ECF No. 119), the Court makes the following Order:

**FINAL PRETRIAL CONFERENCE**

The final pretrial conference is set for **Friday, October 09, 2026, at 10:00 AM.** An attorney who will try the case for a given party shall attend the final pretrial conference on behalf of that party; provided, however, that if by reason of illness or other unavoidable circumstance the trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client. The parties shall file with

1

the Court, no later than **seven (7) days** prior to the final pretrial conference, a <u>joint</u> pretrial statement.

***<u>Also, at the time of filing the Joint Pretrial Statement, counsel are requested to e-mail the Joint Pretrial Statement and any attachments in Word format to Judge Mendez's assistant, Jane Hayes at: jhayes@caed.uscourts.gov.</u>***

Where the parties are unable to agree as to what legal or factual issues are properly before the Court for trial, they should nevertheless list all issues asserted by any of the parties and specifically identifying the disputes concerning such issues. The provisions of Local Rule 281 shall, however, apply with respect to the matters to be included in the joint pretrial statement. Failure to comply with Local Rule 281, as modified herein, may be grounds for sanctions.

The parties are reminded that pursuant to Local Rule 281(b)(10) and (11) they are required to list in the final pretrial statement all witnesses and exhibits they propose to offer at trial, no matter for what purpose. These lists shall not be contained in the body of the final pretrial statement itself but shall be attached as separate documents so that the Court may attach them as an addendum to the final pretrial order. The final pretrial order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pretrial order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the Court's processes.

2

The parties are also reminded that pursuant to Fed. R. Civ. P. 16, it will be their duty at the final pretrial conference to aid the Court in: (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.   Counsel must cooperatively prepare the joint pretrial statement and participate in good faith at the final pretrial conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

## **TRIAL SETTING**

Jury trial in this matter is set for **Monday, December 07, 2026, at 9:00 AM.**  The parties estimate an approximate four to five (4-5) day trial.

## **SETTLEMENT CONFERENCE**

A Settlement Conference is set for **September 24, 2026, at 01:00 PM,** before Magistrate Judge Erica P. Grosjean. See ECF Nos. 120 and 121.

**IT IS SO ORDERED.**

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

Dated: July 02, 2026